MEMORANDUM OF DECISION
This case presents petitions for the termination of the parental rights of Mary P. and Mark G., the biological parents of one minor child, Philomena P., born on August 22, 1989, and of Mary P. and John Doe to Mary's youngest child, Keith P., born January 30, 1993. Neglect petitions were filed with respect to both children on September 5, 1995. Both children were committed to the care of the Department of Children and Families (hereafter CT Page 13145 the "Department") on December 7, 1995. The children have been in foster care since September 1, 1995.
On December 8, 1997, both parents of Philomena consented to the termination of their parental rights in open court. Mary P. also consented to the termination of her parental rights to her son, Keith P. Each filed written consents on that date. The court found that the parents voluntarily and knowingly consented to the termination of their rights, having received the advice and assistance of competent legal counsel and having understood the consequences of their actions. Their consents were accepted by the court.
The court finds that the mother of both children and the father of Philomena have appeared during the pendency of the case. Each has a court appointed attorney. There was publication as to the father of Keith, a John Doe, whose identity was not provided by the mother. Publication was made in The HartfordCourant, a newspaper with statewide circulation, on several occasions including prior to the trial date. No individual has come forward to claim paternity of Keith and no one appeared at trial. The court finds that notice has been given in accordance with the Statutes and the Practice Book. No counsel was appointed for the unknown father, as to do so would serve no purpose. The court has jurisdiction in this matter; there is no pending action affecting custody of the children in any other court. From the evidence, the court finds that reasonable efforts have been made to reunify the mother with her children and Mark G. with his daughter, Philomena. No efforts have been made as to Keith's unknown father. The petition has been amended to allege as the sole ground for termination as to Philomena the consent of both parents. As to Keith's father, the petition alleges acts of omission or commission and no ongoing parent-child relationship. The court having read the verified petition and the social study makes the following findings by clear and convincing evidence:
The identity of Keith's father has never been disclosed by this child's mother, Mary P. and he remains unknown. The court finds that the Department has made reasonable efforts to ascertain his identity and whereabouts. The court further finds that Keith's unknown father has never been available to this child so that he could develop a relationship with him.
The two children reside in the same foster home together. They are both doing well in foster care. The difficult behaviors CT Page 13146 they had each exhibited upon placement have improved, especially Keith's biting and tantrums. Philomena, who is eight years old, stated that she did not feel she is ever going back home. Keith, who is four, is closely bonded to his sister and wishes to remain in his present setting.
REQUIRED FINDINGS
The court makes the following factual findings required by Connecticut General Statutes § 17a-112(e) as to Keith's father, John Doe:
1) Appropriate and timely services were provided by the Department of Children and Families, including counseling, transportation assistance, and visitation coordination. In the unknown father's case, no services were offered as he has never come forward to claim this child.
2) The court finds by clear and convincing evidence that the Department of Children and Families made reasonable efforts to reunify the family, given the situation and circumstances, as far as possible. No efforts were made as to Keith's father as his identity is unknown.
3) The Department, with the approval of the Court, set reasonable and realistic expectations and service agreements in order to reunify the family. None were set for Keith's father, as to do so would be a useless act.
4) The child has strong emotional ties with the foster family who have provided the physical, emotional and educational support this child needs. Keith clearly has no emotional ties to his unknown biological father.
5) Finding regarding the age of the child. Keith is four years and ten months old.
6) Finding regarding efforts of the parents to adjust their circumstances, conduct or conditions to make it in the best interests of the children to return them to their home in the; foreseeable future and (a) the extent to which the parents have maintained contact with the children as part of an effort to reunite the children with the parents, provided that the court may give weight to incidental visitations, communications or contributions and (B) the maintenance of regular contact or CT Page 13147 communications with the guardian or other custodian of the children. The unknown father has done nothing to adjust his circumstances to make it in the best interests of the child to be returned to him.
7) Finding regarding the prevention of the parents from having a meaningful relationship etc. The Department has taken many steps to encourage the mother to have a meaningful relationship with her son and to rehabilitate herself, which she has been unable to accomplish. As to Keith's unknown father, the Department has taken all reasonable steps to ascertain his identity and to notify him as required by law. The court finds that these grounds and circumstances have existed over an extended period of time which is greater than one year prior to the filing of the termination petition.
ADJUDICATION
The parents of Philomena, Mary P. and Mark G., have consented to the termination of their rights to their child and the consents have been accepted by the court. No findings are necessary to be made pursuant to Connecticut General Statutes § 17a-112 due to their consent. Mary P. has also consented to the termination of her rights to Keith P. With respect to the statutory grounds for termination of parental rights of John Doe, the court finds by clear and convincing evidence there is no ongoing parent-child relationship between him and this child. The other alleged grounds are dismissed. The court finds that these circumstances giving rise to this finding have existed over an extended period of time which is greater than one year prior to the filing of the termination petition.
DISPOSITION
Based upon the foregoing findings, the court determines that it is in the best interests of Philomena and Keith P. to terminate the rights of their biological parents, Mary P. and Mark G. and John Doe to them. A termination of the parental rights of Mary P., Mark G. and John Doe to Philomena and Keith P. is ordered. It is further ordered that the Commissioner of the Department of Children and Families be appointed the statutory parent for these children for the purpose of securing adoptive families and a permanent placement for these children. The Commissioner shall file with this court no later than ninety days following the date of judgment a written report of efforts to CT Page 13148 effect such permanent placement and file further reports as are required by state and federal law.
Barbara M. Quinn, Judge Child Protection Session